UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANJOHNA EVAN BRISCOE,

        Petitioner,

                                CASE NO. 07-CV-14431
v.                                  HONORABLE JOHN CORBETT O'MEARA

HUGH WOLFENBARGER,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**

Sanjohna Evan Briscoe ("Petitioner"), a state prisoner confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of assault with intent to murder following a jury trial in the Kent County Circuit Court and was sentenced to 11 years 3 months to 50 years imprisonment in 2005. He filed an appeal as of right with the Michigan Court of Appeals raising a sufficiency of evidence claim, but the court affirmed his conviction. *See People v. Briscoe*, No. 265107, 2006 WL 3734637 (Mich. Ct. App. Dec. 19, 2006) (unpublished). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Briscoe*, 477 Mich. 1059, 728 N.W2d 444 (March 26, 2007). In his habeas petition, Petitioner raises four claims concerning the victim's injuries and related trial testimony. For the reasons set forth, the petition for writ of habeas corpus is dismissed.

**II.**

1

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A petitioner must present each ground to both appellate courts to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). A Michigan prisoner is required to raise each issue he seeks to present in the federal habeas proceeding before the Michigan Court of Appeals and the Michigan Supreme Court. *See Hafley*, 902 F.2d at 483. The burden is on the petitioner to prove exhaustion. *See Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. In his petition, he admits that he has not presented any of his habeas claims to the state courts and states that he did not do so because he did not have the appropriate medical records. Petitioner must present each of his claims to the Michigan courts and complete the state court process before seeking habeas relief in this Court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Petitioner has available avenues for relief in the state court system to

fully exhaust his habeas claims. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and then pursue those claims in the Michigan appellate courts as necessary. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

## III. Conclusion

The Court concludes that Petitioner has not exhausted his state court remedies as to his present habeas claims. Accordingly, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date: October 31, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 31, 2007, by electronic and/or ordinary mail.

                                            s/William Barkholz
                                            Case Manager